<u>**NOT FOR PUBLICATION**</u>

### UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARA FLEITES,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>LIBERTY MUTUAL INSURANCE,<br><br>　　　　　　　　　　　　Defendant. | Case No. 22cv06617(EP) (JSA)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Cara Fleites moves to remand this matter to the Superior Court of New Jersey, arguing that Defendant Liberty Mutual Insurance untimely removed this matter to this Court. The Court decides this motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78(b). Because Defendant promptly removed this matter after Plaintiff clarified that the monetary threshold for diversity matters was met, Plaintiff's motion will be **DENIED**.

**I.　　BACKGROUND**

Plaintiff, the owner of a property ("Property") in New Jersey, filed this matter on July 27, 2022, in the Superior Court of New Jersey. D.E. 1-1 ("Compl."). Plaintiff served Defendant, an insurance company, on August 1, 2022. D.E. 1 at 1 ("Notice of Removal"). Plaintiff asserts two claims: Count One, Breach of Contract, and Count Two, Tortious Bad Faith. Compl. 1–2.

Because Plaintiff "had not yet received a contractor's estimate[,]" ("estimate") the Complaint does not specify monetary damages. D.E. 3-4 at 1 ("Mot."). In lieu of dollar signs, the Complaint states the following. Count One alleges: "[i]n or around March 2022, the Property suffered substantial water damage caused . . . by a broken pipe." Compl. 1. Plaintiff seeks "declaratory judgment of coverage, compensatory damages, consequential damages, costs of suit, and such further relief as the Court deems

just and proper." *Id.* at 2. Count Two alleges no additional facts regarding property damages and seeks "judgment against Defendant for compensatory damages, consequential damages, punitive damages, attorney's fees, costs of suit, and such further relief as the Court deems just and proper." *Id.* at 3.

Defendant answered on September 26. D.E. 1-2 ("Answer"). On October 3, Defendant requested a written statement of damages. D.E. 1-3 at 3 (emails between counsel). Plaintiff replied that she was "working with a contractor right now to get that information." *Id.* at 2. Defendant received the estimate of $105,171 on October 31, 2022. *Id.* at 1. On November 15, 2022, Defendant removed this matter to federal court pursuant to 28 U.S.C. § 1332, which grants a federal court original jurisdiction if: (1) the amount in controversy "exceeds the sum or value of $75,000" and (2) the case is between citizens of different states. 28 U.S.C. § 1332(a), (a)(1). Plaintiff and Defendant agree this matter meets both requirements for diversity jurisdiction and thus *could* be removed to federal court.[1] Mot. 1. But they disagree as to when Defendant's 30-day removal window began.

Because the parties do not dispute whether the Complaint sufficiently informs Defendant that the citizenship element was present, the Court does not address it. The only issue is whether the Complaint sufficiently informs Defendant that the amount in controversy would exceed $75,000. If it does, as Plaintiff argues, then Defendant's 30-day window began on August 1, 2022, and the November 15 removal was untimely. Mot. 1; 28 U.S.C. § 1446(b)(1). However, if the Complaint does not, then the clock did not start ticking until October 31, 2022, when Defendant received the estimate of $105,171, making its November 15 removal timely. D.E. 4 at 3 ("Def.'s Opp'n").

---

[1] Plaintiff's Complaint states she is a New Jersey resident. Compl. 1. However, Defendant's Civil Cover Sheet states she is a New York resident. *See* D.E. 1, Ex. 4. This potential error is harmless for diversity of citizenship because Defendant is incorporated and has its principal place of business in Massachusetts. Notice of Removal 3. Further, the estimate of $105,171 exceeds $75,000. *Id.*

## II.     LEGAL STANDARD

A defendant may remove a case to federal court either (1) "within 30 days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" (pursuant to 28 U.S.C. § 1446(b)(1)), or (2) "if the case stated by the initial pleading is not removable, . . . within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable" (pursuant to 28 U.S.C. § 1446(b)(3)).

The beginning of this window depends on when Defendant received "'[a] document . . . that inform[ed] the reader, to a substantial degree of specificity, [that] all the elements of federal jurisdiction are present.'" *McLaren v. UPS Store Inc.*, 32 F.4th 232, 236 (3d Cir. 2022) (quoting *Foster v. Mut. Fire Marine & Inland Ins. Co.*, 986 F.2d 48, 53 (3d Cir. 1993)). "[W]hen a district court evaluates whether a case is removable under 28 U.S.C. § 1446(b)(1), the 'inquiry begins and ends within the four corners of the pleading.'" *Id.* at 237 (quoting *Foster*, 996 F.2d at 53); *see also Vartanian v. Terzian*, 960 F.Supp. 58, 60 (D.N.J. 1997) ("[T]he Third Circuit[ has] move[d] away from an inquiry as to what the defendant knew or should have known, toward a focus on the actual language of the pleadings.").

A complaint provides a "substantial degree of specificity" that the amount in controversy is over $75,000 in one of three ways: (1) providing "a clear statement of the damages sought[,]" (2) "affirmatively reveal[ing] . . . [the plaintiff] is seeking damages in excess of the minimum jurisdictional amount[,]" or (3) providing "sufficient facts from which damages can be readily calculated . . . ." *McLaren*, 32 F.4th at 237 (cleaned up).  The Third Circuit adopted this approach because it "do[es] not require defendants to make 'deduction[s]' from plaintiffs' submissions to discern removability . . . ." *Id.* at 238 (quoting *Foster*, 986 F.2d at 53).  It also "saves courts from 'arduous inquiries into [a] defendant['s] state of mind.'" *Id.* (quoting *Foster*, 986 F.2d at 53); *see also Vartanian*, 960 F. Supp. at 61 (quoting *Chapman v. Powermatic,*

3

*Inc.*, 969 F.2d 160, 163 (5th Cir. 1992)) (noting this approach "'promotes certainty and judicial efficiency . . . [and does not] encourage defendants to remove prematurely cases in which the initial pleading does not affirmatively reveal that the amount in controversy is in excess of [the statutory requirement]'").

### III.  ANALYSIS

Turning to Plaintiff's Complaint, it does not state the amount of damages sought.  *See generally* Compl.; *McLaren*, 32 F.4th at 237.  Nor does it state that the damages sought would exceed the minimum jurisdictional amount of $75,000.  *See generally* Compl.; *McLaren*, 32 F.4th at 237.  The only inquiry for the Court, then, is whether the Complaint provides "sufficient facts from which damages can be readily calculated[.]"  *McLaren*, 32 F.4th at 237 (internal citations omitted).

It does not.  Plaintiff argues that "[e]ven without a dollar amount," Defendant was on notice that the amount in controversy would "in all likelihood exceed $75,000."  Mot. 3.  In support, Plaintiff points out that "[t]he Complaint includes a count of bad faith[] and demanded punitive damages and attorneys'[] fees."  *Id.*  Additionally, Plaintiff asks the Court to consider that "in actions against insurance companies, . . . insureds rarely state the amount of damages in the Complaint."  *Id.* at 4.  And though Plaintiff does not argue this, the Court will also consider the Complaint's use of the word "substantial" to describe the water damages.  *See* Compl. 1.

The Court is not convinced.  The Complaint's language, in isolation or combined, fails to provide the requisite "substantial degree of specificity" to inform Defendant that the amount Plaintiff seeks exceeds $75,000.  *McLaren*, 32 F.4th at 236 (internal citations omitted).

Boilerplate language requesting two broad categories of damages, without more, does not contain "sufficient facts from which damages can be *readily calculated*[.]"  *Id.* at 237 (emphasis added) (internal citations omitted).  In fact, Plaintiff justifies the Complaint's lack of dollar discussion by claiming "[s]uch damages would not, and indeed *could* not be quantified in the Complaint . . . ."  Mot. 5 (emphasis in

original).  Plaintiff cannot then expect Defendant, armed with less information than Plaintiff,[2] to readily calculate the formerly incalculable.  And even when considering these damages in combination with the "substantial" water damages alleged, the Complaint lacks sufficient notice.  Adjectives like "substantial" are stereotypical to pleadings; they provide no insight as to calculating damages.  *See, e.g.*, *Bishop v. Sam's East, Inc.*, 2009 WL 1795316, at *4 (E.D. Pa. June 23, 2009) ("[B]oilerplate allegations of injury[,] . . . [such as] alleg[ing] that [the plaintiff] suffered a variety of 'ills and injuries' and 'psychological and emotional disorders' that have deprived her of 'life's pleasures[,]' . . . standing alone are too vague to allow such a determination.").  Defendants are not required to read the tea leaves of complaints or otherwise forfeit their right to remove cases.  *See also Vartanian*, 960 F. Supp. at 61 (Defendants should not be expected "to seek removal based only on what is, at best, an educated guess that federal jurisdiction exists.").

  Plaintiff cites *Farrell v. FedEx Ground Package System Inc.*, 478 F.Supp.3d 43 (D.N.J. 2020), as "specifically approv[ing]" an analysis where the claim and category of damages sought provided sufficient notice that the amount in controversy exceeded the jurisdictional amount.  Mot. 3.  But *Farrell* is disanalogous because the complaint in that case easily facilitated calculation of damages.  In *Farrell*, the defendant, who was accused of violating the New Jersey Wage and Hour Law, "base[d] its calculations [of damages] on allegations in the Amended Complaint that [the plaintiff] and members of the putative class 'regularly' worked at least 40 hours per workweek and underwent unpaid security screenings [lasting 4.5 minutes] twice 'each workday.'"  *Id.* at 439.  In contrast, Plaintiff here alleges only that the water damage was substantial and that Defendant, wrongly and in bad faith, did not compensate Plaintiff.  *See* Compl. 1–2

---

[2] Plaintiff stated she "has always estimated her damages as being in six figures" and "has always known that her total claim exceeded the jurisdictional amount . . . because of the bad faith claim." Mot. 5.

Additionally, the *Farrell* plaintiff asked for liquidated damages, which, unlike punitive damages, are predetermined and able to be calculated from the outset of a case. *See, e.g.*, *Churchill Downs, Inc., v. Ribis*, 499 F.Supp.3d 82, 94 (D.N.J. 2020) (internal citations omitted) ("Liquidated damages are the sum a party to a contract agrees to pay if he breaks some promise[.]"). In contrast, punitive damages are determined when the factfinder believes the compensatory damages already awarded insufficiently compensate a wronged plaintiff—this necessarily requires further development of the case. *See, e.g.*, *Smith v. Wade*, 461 U.S. 30, 42 (1983) (internal citations omitted) (when defendant commits a tort willfully or recklessly, "the jury [is] authorized, for the sake of public example, to give such additional damages as the circumstances require").

Further, even if plaintiffs in actions against insurance companies are routinely unable to provide an exact monetary amount, this feature does not in turn create an exception. In the instance where a plaintiff cannot provide a complaint that would sufficiently inform the defendant the case is removable, then the 28 U.S.C. § 1446(b)(1) clock is simply never triggered, and the 28 U.S.C. § 1446(b)(3) clock is on standby.

Plaintiff's final arguments propose two alternatives for Defendant instead of waiting for the estimate. First, Defendant should have removed the case within 30 days of receipt of the Complaint because "if . . . [P]laintiff had *contested* that the case met the jurisdiction threshold[,] . . . the statute would allow the court to accept proofs on the matter in aid of its determination." Mot. 4. But, a defendant is not required to remove a case where additional information could reveal the amount in controversy exceeds $75,000. The inquiry is whether the "four corners of the pleading"—not additional information available only upon a plaintiff contesting removal—"inform[ed] the reader, to a substantial degree of specificity" that the case was removable. *McLaren*, 32 F.4th at 236–37 (internal citations omitted).

6

This is also why Plaintiff's second alternative fails. According to Plaintiff, had Defendant done its "due diligence to determine whether or not the case was removable" by "simply *ask[ing]* whether or not Plaintiff viewed [her] total damage demand as being in excess of the jurisdictional amount, [Defendant] would have had its answer." Mot. 5 (emphasis in original). Besides the fact that defendants are not required to probe plaintiffs in order to remove a case, Plaintiff's argument fails. Had Plaintiff provided this information in a form other than a document, such as over a telephone conversation, Defendant's removal clock would still not have begun until receipt of the estimate. *See Vartanian*, 960 F.Supp. at 60 (courts, including the Third Circuit, have "moved away from an inquiry as to what the defendant knew or should have known" and instead "shifted that focus toward an analysis of what the relevant document says"). And, even if Plaintiff had provided specific enough information in a document before the estimate, the removal clock would have begun with *that* hypothetical document because the Complaint would still be insufficient.

Because Plaintiff's Complaint does not inform Defendant to a substantial degree of specificity that the case was removable, Defendant's 28 U.S.C. § 1446(b)(1) clock was never trigged. Once Defendant received the estimate on October 31, 2022, which exceeded the jurisdictional amount, Defendant's 28 U.S.C. § 1446(b)(3) clock began running. Defendant was required to remove the case within 30 days and did so on November 15, 2022, well within that timeframe. Accordingly, Defendant's Notice of Removal was timely, and the case will remain in this Court.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's motion to remand to state court will be **DENIED**. An appropriate Order accompanies this Opinion.

Dated: May 16, 2023

Evelyn Padin, U.S.D.J.